UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TOMMIE L. CARTER,

                      Plaintiff,

v.                                               Case No. 17-cv-1297-pp

JUSTIN MAHER,

                      Defendant.

**ORDER DENYING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DKT. NO. 14), GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE (DKT. NO. 19), AND STRIKING THE DEFENDANT'S SOVEREIGN IMMUNITY AFFIRMATIVE DEFENSE**

Plaintiff Tommie L. Carter is a Wisconsin state prisoner representing himself. He filed a complaint alleging that the defendant, Officer Justin Maher, did not give him his inhaler or alert medical staff when the plaintiff suffered an asthma attack. Dkt. No. 1. On October 10, 2017, Magistrate Judge David E. Jones screened the complaint and allowed the plaintiff to proceed on an Eighth Amendment deliberate indifference to a serious medical need claim based on these allegations. Dkt. No. 10 at 6-7. On October 25, 2017, the case was reassigned to this court, because the defendant did not consent to magistrate judge jurisdiction. Dkt. No. 13. The plaintiff has filed a motion for a protective order, dkt. no. 14, and a motion to strike defendant's affirmative defenses, dkt. no. 19.

1

1. Motion for Protective Order

The plaintiff states that on October 20, 2017, he transferred from Green Bay Correctional Institution, where the incident at issue in this case occurred, to Columbia Correctional Institution. Dkt. No. 14. When the plaintiff arrived at Columbia, institution staff immediately placed him on a "sergeant only" restriction, which provided in part that his cell would be randomly searched daily for contraband or damage to the cell. Id. The plaintiff states that from October 21 until October 25, 2017, "John Doe correctional officers" destroyed his cell daily, shuffling his legal files and strewing them around, which hampered the plaintiff's preparation for this case. Id. During the searches, which sometimes occurred in the middle of the night, officers strip-searched the plaintiff and tethered him to the strip cage door while they searched his cell. Id. The plaintiff states that the officers conducted the daily strip searches and cell searches to harass and intimidate him, as well as to disrupt his litigation efforts in this case. Id. at 2.

The plaintiff does not state in the motion what he wants the court to do. The court presumes that the plaintiff wants the court to issue an order to stop the daily cell and strip searches, so the court construes the plaintiff's motion as a motion for preliminary injunction under Fed. R. Civ. P. 65. But the issues the plaintiff identifies do not relate to the Eighth Amendment medical care claim he has raised in this case. See Hashim v. Hamblin, Case No. 14-cv-1265, 2016 WL 297465 at *4 (E.D. Wis. January 22, 2016) ("Plaintiff's requests for injunctive relief are not connected to the claims he is proceeding on in this

case. He may not seek relief in connection with these claims in this lawsuit.") (citations omitted). If the plaintiff believes that he has a claim against employees at Columbia Correctional Institution, he may file a separate lawsuit against those individuals. See Hashim, 2015 WL 1840434 at *3 (quoting George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits.")) The court will deny the plaintiff's motion for a protective order.

    2.    <u>Motion to Strike Affirmative Defenses</u>

On December 13, 2017, the plaintiff filed a motion to strike affirmative defenses. Dkt. No. 19. He alleges that the defendant's answer pleads several irrelevant affirmative defenses, such as sovereign immunity. Id. at 1. He asks the court to strike the defendant's affirmative defenses. Id. at 1-2.

The defendant's answer contains four affirmative defenses: (1) "All or portions of Plaintiff's complaint must be dismissed to the extent that Plaintiff failed to exhaust administrative remedies;" (2) "To the extent that Defendant is named in his personal capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of qualified immunity;" (3) "To the extent that Defendant is named in his official capacity, all or portions of Plaintiff's complaint must be dismissed pursuant to the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution;" and (4) "Any claims for monetary damages in this case are limited under the provisions of 42 U.S.C. § 1997e(e)." Dkt. No. 18 at 3-4.

The Federal Rules of Civil Procedure provide that a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are pleadings, and are subject to all pleading requirements of the Federal Rules of Civil Procedure. Heller Fin., Inc. v. Midwhey Powder Co., Inc., 883 F.2d 1286, 1294 (7th Cir. 1989). Rule 8(b)(1)(A) requires a party to "state in short and plain terms its defenses to each claim asserted against it[.]" Rule 8(c) requires a party to plead an affirmative defense. The purpose of these rules is to avoid surprise and undue prejudice to the plaintiff by providing him notice and the opportunity to demonstrate why a defense should not prevail. Venters v. City of Delphi, 123 F.3d 956, 967 (7th Cir. 1997).

Courts generally disfavor motions to strike, but they should strike affirmative defenses that fail to meet basic pleading requirements, are clearly mistitled, or are redundant and add unnecessary clutter to a case. See Heller, 883 F.2d at 1295; see also United States v. 416.81 Acres of Land, 514 F.2d 627, 631 (7th Cir. 1975). Bare legal conclusions never are sufficient and must be stricken. See Heller, 883 F.2d at 1295 (granting motion to strike affirmative defenses where defendants omitted any short and plain statement of facts and failed to allege necessary elements of a claim).

In this case, the court agrees that it should strike the defendant's affirmative defense that the defendant is entitled to sovereign immunity to the extent he is sued in his official capacity, because—as the plaintiff points out—

4

he did not sue the defendant in the defendant's official capacity. He sued the defendant for *money* damages in his *individual* capacity.

While the plaintiff also asked the court to strike the other three affirmative defenses, the plaintiff does not say why those defenses are not valid. Rather, he makes a general argument that the defendant's counsel just cut and pasted a routine, boilerplate list of defenses. Without a more specific explanation of why the other three affirmative defenses are not valid, the court will deny the plaintiff's motion as to the other three affirmative defenses.

The court **DENIES** the plaintiff's motion for protective order. Dkt. No. 14.

The court **GRANTS IN PART AND DENIES IN PART** the plaintiff's motion to strike. Dkt. No. 19.

The court **STRIKES** the defendant's sovereign immunity affirmative defense, raised in his answer on page 18 at no. 3. Dkt. No. 18, p. 18 at #3.

Dated in Milwaukee, Wisconsin this 22nd day of January, 2018.

                        **BY THE COURT:**

                        _____

                        **HON. PAMELA PEPPER**
                        **United States District Judge**